# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN DAVID ENTO,<br><br>  Plaintiff,<br><br>  v.<br><br>WSPTO, et al.,<br><br>  Defendants. | Case No. 1:25-cv-00564-SAB<br><br>ORDER OF REASSIGNMENT OF THIS MATTER TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |

On May 12, 2025, Plaintiff, who is proceeding *pro se*, commenced this action. (ECF No. 1.) However, Plaintiff did not pay the filing fee, nor did he submit an application to proceed *in forma pauperis*. On May 13, 2025, the Court ordered that within 45 days Plaintiff shall either submit an application to proceed *in forma pauperis* or pay the $405.00 filing fee. The Court admonished Plaintiff that "**[f]ailure to comply with this order will result in dismissal of this action.**" (ECF No. 2) (emphasis in original). Plaintiff failed to timely file an application or pay the filing fee, and thus, the Court will recommend that this matter be dismissed for failure to prosecute and failure to comply with a court order.

This matter was assigned pursuant to Local Rule, Appendix A(k)(1). Therefore, this action has been directly assigned to a Magistrate Judge only. Not all parties have appeared or filed consent or declination of consent forms in this action. Pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c)(17), and Local Rule Appendix A, subsection (k), the Court will

1 direct the Clerk of the Court to randomly assign a district judge to this action and the Court shall
2 issue findings and recommendations.

3       Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action
4 when a litigant fails to prosecute an action or fails to comply with a court order.  See Fed. R. Civ.
5 P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019)
6 (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir.
7 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may
8 dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Similarly, Local
9 Rule 110 permits courts to impose sanctions on a party who fails to comply with a court order,
10 and the procedural rules that govern this Court are to be "construed, administered and employed
11 by the court . . . to secure the just, speedy, and inexpensive determination of every action and
12 proceeding." Fed. R. Civ. P. 1.

13       Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the
14 public interest in expeditious resolution of litigation; (2) the Court's need to manage a docket;
15 (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5)
16 the availability of less drastic sanctions.  See Applied Underwriters, 913 F.3d at 890 (noting that
17 these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S.
18 Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and
19 independently reviewing the record because the district court did not make finding as to each).
20 But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but
21 noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258,
22 1260-61 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not
23 amend caption to remove "et al." as the court directed and reiterating that an explicit finding of
24 each factor is not required by the district court).

25       Upon review of the above-stated factors, the Court finds dismissal of the action is
26 warranted.  The expeditious resolution of litigation is deemed to be in the public interest.
27 Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second
28 factor, the Court's need to efficiently manage its docket cannot be overstated.  Given Plaintiff

has failed to respond to the Court's May 13, 2025 order, the Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where the petitioner failed to timely respond to court order, noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges"). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968). The instant dismissal is a dismissal without prejudice, which addresses the fifth factor.

This case cannot linger indefinitely on this Court's already overburdened docket. A dismissal of this action for failure to prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals. It appears Plaintiff has abandoned this action, and Plaintiff's failure to respond to the Court's order warrants the sanction of dismissal without prejudice under the circumstances.

### ORDER AND RECOMMENDATIONS

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to district judge.

FURTHERMORE, IT IS HEREBY RECOMMENDED that this case be dismissed without prejudice for failure to prosecute this action and/or failure to comply with the Court's order, pursuant to Fed. R. Civ. P. 41 and Local Rule 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge